UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERANCE FRAZIER, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF FRESNO, et al.,<br><br>　　　　　Defendants. | No.  1:20-cv-01069-ADA-SAB<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND, REQUIRING PLAINTIFFS TO FILE AMENDED COMPLAINT WITHIN FIVE DAYS, AND ORDERING MOTION TO DISMISS BE DEEMED MOOT AND DENIED WITHOUT PREJUDICE UPON FILING OF SECOND AMENDED COMPLAINT<br><br>(ECF Nos. 31, 49, 58) |

　　　　Defendants' motion to dismiss filed June 17, 2022, and Plaintiffs' motion for leave to amend filed November 25, 2022, are currently pending adjudication.  (ECF Nos. 31, 49.)  Both matters were referred to the assigned Magistrate Judge for the preparation of findings and recommendations, or other appropriate action.  (ECF Nos. 41, 50.)

　　　　The Magistrate Judge held oral argument on the motion to dismiss on November 9, 2022. (ECF Nos. 31, 46, 47, 48.)  On November 25, 2022, Plaintiff filed a motion for leave to file a second amended complaint.  (ECF No. 49.)  On December 5, 2022, Defendants filed an *ex parte* application to continue the hearing on Plaintiff's motion for leave to amend until after the Court issues a decision on the pending motion to dismiss.  (ECF No. 52.)  After briefing, on December 14, 2022, the Court held a hearing on Defendant's *ex parte* application.  (ECF No. 56.)  Kevin Little appeared

on behalf of Plaintiffs via video, and Joseph Rubin appeared on behalf of Defendants. (*Id.*) In consideration of the procedural and substantive posture of the motions, and factoring judicial economy, conserving the resources of the parties, potential prejudice to the parties, and the standards for amendment under Federal Rule of Civil Procedure 15, the Court found the most prudent course of action was to allow the motion for leave to amend proceed into briefing and hearing, despite the fact the motion to dismiss had been briefed and heard. (ECF No. 57.) The Court denied Defendants' *ex parte* motion, reset the hearing on the motion to amend for February 8, 2023, and ordered opposition and reply briefing. (*Id.*)

On January 20, 2023, Defendants filed a statement indicating that based on the order on the *ex parte* motion, the "City Defendants will not oppose the pending Motion to Amend, and will address their concerns as to the amended pleading in an anticipated Rule 12 motion." (ECF No. 58 at 2.) The filing further specifies that given Plaintiffs confirmed at the *ex parte* motion hearing that the claims subject to the initial motion to dismiss are restated verbatim in the second amended complaint, the City Defendants are unsure whether the Court desires further briefing as to those issues. (*Id.*)

Given the non-opposition to the motion to amend and pending motion to dismiss that were both referred for the preparation of findings and recommendations, the Court finds the most prudent and efficient course of action is to grant the unopposed motion to amend despite the pending motion to dismiss. *See Amerisource Bergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " (quoting Fed. R. Civ. P. 15(a))); *see also* L.R. 230(c).

Once an amended complaint is filed, the previous complaint becomes null and void, and generally any pending motion to dismiss that was directed at the previous pleading will be thus rendered moot. *See Falck N. California Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022) ("The amended complaint made the First Amended Complaint no longer operative."); *Huang v. Genesis Glob. Hardware, Inc.*, No. 220CV1713JAMKJNPS, 2020 WL 6318206, at *1 (E.D. Cal. Oct. 28, 2020) ("This amendment as a matter of course renders an original complaint null, thereby mooting defendants' motion to dismiss."); *Rhode v. Becerra*, No. 18-CV-

802-BEN, 2018 WL 11445975, at *1 (S.D. Cal. June 18, 2018) ("Plaintiffs' Amended Complaint supersedes the original Complaint [and] [b]cause the motion to dismiss targets the original complaint which is no longer in effect, the motion to dismiss is deemed moot.").[1]  Therefore, with the filing of the amended complaint, the Court finds Defendants' motion to dismiss will be moot.

Accordingly,

1. Plaintiffs' motion for leave to amend, (ECF No. 49), is GRANTED;
2. Plaintiffs shall file a second amended complaint within **five (5) days** of entry of this order; and
3. Defendants' motion to dismiss, (ECF No. 31), shall be deemed MOOT and DENIED without prejudice upon the filing of the second amended complaint.

IT IS SO ORDERED.

Dated:   February 6, 2023

UNITED STATES DISTRICT JUDGE

---

[1] As for Defendants' question regarding whether the Court desires further briefing on the issues identified in the first motion to dismiss, the Court takes no position.  Defendants are free to address the amended complaint anew, and in granting of leave to amend, the Court makes no judgment pertaining to the arguments raised in the previous motion to dismiss.