# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERANCE FRAZIER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO, et al.,<br><br>Defendants. | Case No. 1:20-cv-01069-ADA-SAB<br><br>ORDER ADDRESSING OBJECTIONS TO CONTINUANCE OF SCHEDULING CONFERENCE AND MAINTAINING CONTINUED SCHEDULING CONFERENCE AS CURRENTLY SET FOR NOVEMBER 30, 2023<br><br>(ECF Nos. 74, 75, 76, 77) |

On June 21, 2023, the Court issued findings and recommendations regarding Defendants' motion to dismiss. (ECF No. 72.) On July 12, 2023, Plaintiffs filed objections to the findings and recommendations. (ECF No. 73.) On August 9, 2023, the Court continued the scheduling conference in this matter from August 24, 2023, to November 30, 2023, in light of the findings and recommendations that are pending consideration by the District Judge. (ECF No. 74.) On August 9, 2023, the Plaintiffs filed objections to the continuance of the scheduling conference. (ECF No. 75.) On August 16, 2023, the Court ordered Defendants to file a response to the objections.

In the filed objections, Plaintiffs argue that this case is already three years old; that regardless of the outcome of the pending findings and recommendations, there are claims that have already survived legal challenges for which discovery will need to be done; and the nature

1

of Plaintiff's claims that have already survived legal challenges are so broad that they would encompass any discovery that would relate even to those that are the subject of the pending findings and recommendations and objections. Plaintiffs emphasize Federal Rule of Civil Procedure 1 mandates the timely and efficient administration of justice, and here, requires case dates and deadlines to be set as soon as possible.

Defendants respond first, that since the commencement of this action, the Defendants have been represented by Jim Betts and Joseph Rubin, and that Mr. Betts is retiring and moving out of state on August 31, 2023; and Mr. Rubin is having back surgery on September 7, 2023, with an estimated recovery of six to twelve weeks. Therefore, continuing the scheduling conference allows additional time for new counsel to get up to speed on the case, and to determine Mr. Rubin's availability before setting deadlines in this matter.

The Court finds this practical consideration generally weighs in favor of maintaining the current continued scheduling conference set for November 30, 2023, until new counsel enter in the action, and/or current counsel Mr. Rubin is able to participate.

Second, Defendants argue that the case was initially brought against the City of Fresno, Lee Brand, Wilma Quan, James Schaad, and Tim Orman (the "Original City Defendants"); that after the first motion to dismiss was granted, Plaintiff filed the first amended complaint adding six new defendants, including five affiliated with the City of Fresno; that prior to the ruling on a motion to dismiss the first amended complaint, Plaintiffs were granted leave to file a second amended complaint wherein Plaintiffs attempt to re-allege a breach of contract claim, and add two statutory claims under the Bane Act and Unruh Act; and that this case is not ready to proceed into scheduling. Finally, Defendants note that the Plaintiffs have never previously objected to the Court continuing the scheduling conference previously in this action even when the pending motion did not address all claims.

The Court agrees with Defendants that it is significant that the pending motion to dismiss addresses four of the five causes of action on behalf of ten City Defendants, and the complexity and numerosity of outstanding issues is demonstrated by the Court's findings totaling 129 pages, and Plaintiff's objections totaling 29 pages. The Court agrees that without a ruling and possible

amendments to the pleadings, it is premature to address matters to be addressed at the scheduling conference, including consent, phasing of discovery, amendments to the pleadings, scheduling deadlines and dates, Rule 26 disclosures, and alternative dispute resolution.

In consideration of the pleadings and procedural posture of this action, the number of Defendants and claims, and the significant outstanding issues regarding the pending motion to dismiss, the Court concludes that commencing such discovery prior to the pleadings being settled and answers being filed in this matter is likely to result in undue burden, expense, and unnecessary discovery disputes.  (See Order Setting Mandatory Scheduling Conference, ECF No. 4-1 at 7.)  While the Court is aware of the delay that has resulted in this matter, until such time as the pending motion has been resolved and answers have been filed in this action, the Court finds that proceeding into a scheduling conference will result in undue burden and expense to the parties and the likelihood of discovery disputes due to the unsettled nature of the pleadings would result in a waste of judicial resources on the already overburdened caseload in this district.

The Court finds good cause to continue the scheduling conference to allow the pending motion to dismiss to be decided.  Should the motion to dismiss be decided and this matter ripe for scheduling prior to the continued date, and Defendants' counsel is physically ready following the surgery (or new counsel has entered and is prepared), the parties may request that the scheduling conference be advanced.

Accordingly, IT IS HEREBY ORDERED that the continued scheduling conference shall remain set for November 30, 2023.

IT IS SO ORDERED.

Dated:  **August 17, 2023**

_____
UNITED STATES MAGISTRATE JUDGE