# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERANCE FRAZIER, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> CITY OF FRESNO, et al., <br><br>   Defendants. | Case No. 1:20-cv-01069-ADA-SAB <br><br> ORDER VACATING AUGUST 20, 2025 HEARING <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR THE SETTING OF A SCHEDULING CONFERENCE AND MAINTAINING CONTINUED SCHEDULING CONFERENCE AS CURRENTLY SET FOR NOVEMBER 13, 2025 <br><br> (ECF Nos. 89, 91, 92) |

Currently before the Court is Plaintiffs' motion for the setting of a scheduling conference, or, alternatively, allowing discovery to commence. (ECF No. 89.) The Court finds this matter suitable for decision without oral argument. See Local Rule 230(g). Accordingly, the hearing set for August 20, 2025 shall be vacated. Having considered the motion, opposition, and reply, as well as the Court's file, Plaintiffs' motion is denied.

Plaintiffs initiated this action on July 31, 2020. (ECF No. 1.) On August 25, 2020, Defendants filed a motion to dismiss. The motion was granted in part and denied in part by the then-assigned District Judge on April 15, 2022. (ECF No. 24.) On May 9, 2022, Plaintiffs filed their first amended complaint ("FAC"). (ECF No. 27.) On June 17, 2022, Defendants filed a motion to dismiss the FAC. (ECF No. 31.) On September 12, 2022, the previously-assigned District Judge referred the motion to the undersigned for the preparation of findings and

1

1 recommendations. (ECF No. 41.) Due to unavailability of Plaintiffs' counsel and request for an
2 extended briefing schedule, the parties stipulated that the hearing be held on November 9, 2022.
3 (ECF Nos. 44, 45.) The Court held the hearing and took the matter under submission. (ECF No.
4 48.) Within two weeks of the hearing, on November 25, 2022, Plaintiffs filed a motion for leave
5 to amend the FAC. (ECF No. 49.) Following contested briefing, the previously assigned
6 District Judge granted Plaintiffs' motion for leave to amend the SAC and denied Defendant's
7 motion to dismiss as moot on February 6, 2023. (ECF No. 60.)

8 On February 7, 2023, Plaintiffs filed their second amended complaint. (ECF No. 61.) On
9 February 21, 2023, Defendants filed their motion to dismiss. (ECF No. 62.) The motion was
10 referred to the undersigned for the preparation of findings and recommendations. (ECF No. 63.)
11 The Court held a hearing on the motion on April 26, 2023. (ECF No. 67.) On June 21, 2023,
12 this Court issued its findings and recommendations regarding Defendants' motion to dismiss
13 Plaintiff's second amended complaint. (ECF No. 72.) On July 12, 2023, Plaintiffs filed
14 objections to the findings and recommendations. (ECF No. 73.) The findings and
15 recommendations are currently pending before the District Judge.

16 The initial scheduling conference in this action was originally set for November 3, 2020.
17 (ECF No. 4.) During the pendency of the three described motions to dismiss and Plaintiffs'
18 motion for leave to amend the complaint, this Court has continued the scheduling conference.
19 On August 9, 2023, Plaintiffs objected to a continuance. (ECF No. 75.) On August 17, 2023,
20 the Court issued an order addressing Plaintiffs' objections, which in part stated:

> The Court agrees with Defendants that it is significant that the pending motion to dismiss addresses four of the five causes of action on behalf of ten City Defendants, and the complexity and numerosity of outstanding issues is demonstrated by the Court's findings totaling 129 pages, and Plaintiff's objections totaling 29 pages. The Court agrees that without a ruling and possible amendments to the pleadings, it is premature to address matters to be addressed at the scheduling conference, including consent, phasing of discovery, amendments to the pleadings, scheduling deadlines and dates, Rule 26 disclosures, and alternative dispute resolution.
> In consideration of the pleadings and procedural posture of this action, the number of Defendants and claims, and the significant outstanding issues regarding the pending motion to dismiss, the Court concludes that commencing such discovery prior to the

>pleadings being settled and answers being filed in this matter is likely to result in undue burden, expense, and unnecessary discovery disputes. (See Order Setting Mandatory Scheduling Conference, ECF No. 4-1 at 7.) While the Court is aware of the delay that has resulted in this matter, until such time as the pending motion has been resolved and answers have been filed in this action, the Court finds that proceeding into a scheduling conference will result in undue burden and expense to the parties and the likelihood of discovery disputes due to the unsettled nature of the pleadings would result in a waste of judicial resources on the already overburdened caseload in this district.

(ECF No. 78 at 2-3.)

Since this Court's August 17, 2023 order, the findings and recommendations remain pending. Accordingly, the Court has continued the scheduling conference. (See ECF Nos. 79, 81, 83, 85, 87, 88.) Most recently, the Court continued the July 10, 2025 scheduling conference to November 13, 2025 in light of the pending motion to dismiss. (ECF No. 88.)

On July 8, 2025, Plaintiffs filed the instant motion requesting that the Court set a scheduling conference, or, alternatively, allow discovery to commence. (ECF No. 89.) Plaintiffs argue the same points they did in August 2023, with the exception of the additional length of time this action has been pending: Plaintiffs argue the case is five years old; that regardless of the outcome of the pending findings and recommendations, there are claims that have already survived legal challenges for which discovery will need to be completed; and the nature of Plaintiff's claims that have already survived legal challenges are so broad that they would encompass any discovery that would relate even to those that are the subject of the pending findings and recommendations and objections. Plaintiffs emphasize Rule 1 of the Federal Rules of Civil Procedure mandates the timely and efficient administration of justice, and here, requires case dates and deadlines to be set as soon as possible.

In response, Defendants point out Plaintiffs' arguments remain the same and fail to proffer any additional information other than the length of time. (ECF No. 91 at 4-5.) Defendants reiterate that even if only part of the City Defendants' motion to dismiss is granted, discovery as to any dismissed portion would be unnecessary as to those ten defendants. (Id.)

Plaintiffs' reply brief exudes their palpable frustration with both Defendants and the undersigned, particularly this Court's "current approach of indefinitely continuing the scheduling

conference." (ECF No. 92 at 6.)  Plaintiffs' concerns are preserved.  The Court only briefly addresses Plaintiffs' remark that "[t]he existence of objections to a magistrate's recommendations does not create a blanket prohibition on case progression, particularly when viable claims clearly remain that cover the same factual territory." (ECF No. 92 at 5.)  To be clear, regardless of whether Plaintiffs filed objections to the findings and recommendations, the parties—and this Court—must await a District Judge's adoption and or declination of such findings.

The status of this action is unchanged since Plaintiffs' identical request in August 2023.  This Court's position is likewise unchanged.  (See ECF No. 78 at 2-3.)  As the parties are acutely aware, "[j]udges in the Eastern District of California carry the heaviest caseloads in the nation." Rush Air Sports, LLC v. RDJ Grp. Holdings, LLC, No. 1:19-cv-00385-LJO-JLT, 2019 WL 4879211, at *1 (E.D. Cal. Oct. 3, 2019); Pizana v. SanMedica Int'l, LLC, No. 1:18-cv-00644-DAD-SKO, 2020 WL 469336, at *7 n.8 (E.D. Cal. Jan. 29, 2020); see also Hon. Lawrence J. O'Neill, et al., An Important Letter to Congress from the Judges of the Eastern District of California Regarding Our Caseload Crisis, (June 19, 2018) https://www.caed.uscourts.gov/caednew/index.cfm/news-archive/important-letter-re-caseload-crisis/ (noting that in 2018, "[e]ach District Judge handles an average of approximately 900 cases at any given time, more than double the nationwide average").  One remedy is to consider consent to conduct all further proceedings, or limited consent to a particular motion, before a Magistrate Judge, "whose schedules are far more realistic and accommodating to parties." Rush Air, 2019 WL 4879211, at *1; see 28 U.S.C. 636(c)(2).[1]

As to Plaintiffs' alternative request for a Court order to "allow discovery to commence," the parties are reminded they are in no way precluded from stipulating to engage in discovery pending the adjudication of the motion to dismiss.  See Fed. R. Civ. P. 26(d)(1) ("A party may

---

[1] See also Hon. Kimberly J. Mueller, Magistrate Judge Consent in Civil Cases: Know Your Rights! https://www.caed.uscourts.gov/caednew/assets/File/Consent%20Form%20Letter%20KJM%2001042022.pdf ("As their professional biographies posted on our court's website show, our Magistrate Judges are well-qualified to preside over the cases assigned them. They are experienced, high-caliber judges with diverse experiences in civil and criminal litigation who have been selected on the merits, taking into account their education, experience, knowledge of the court system, personal attributes and other criteria. Our Magistrate Judges are well-qualified to preside over the civil cases brought in our court.").

4

1  not seek discovery from any source before the parties have conferred as required by Rule 26(f),
2  except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when
3  authorized by these rules, **by stipulation**, or by court order.") (Emphasis added).  No Court order
4  is required for the parties to meet and confer, discuss issues and/or defendants that will remain in
5  this action regardless of the pending findings and recommendation, and craft a stipulation for
6  entry by the Court in short order.  The Court *urges*—but does not find good cause to *order*—the
7  parties to engage in good faith meet and confer efforts to discuss whether a stipulation for early
8  discovery could be fashioned.  The Court does not otherwise find good cause to grant Plaintiffs'
9  instant request for a broadbrush court order requiring Defendants to engage in an nondescript
10 limited Rule 26(f) conference, prepare a joint statement setting arbitrary dates, attend a
11 scheduling conference, exchange partial initial disclosures, and engage in limited discovery.[2]
12 Such an enigmatic order is in fact left to the Court's imagination as Plaintiffs failed to submit a
13 proposed order with their motion.  See L.R. 137.  As this Court has already observed, the
14 likelihood of discovery disputes due to the opposed commencement of discovery and unsettled
15 nature of the pleadings would result in a waste of judicial resources on the already overburdened
16 caseload in this district.

17      For the foregoing reasons, the Court shall deny Plaintiffs' motion.  Should the pending
18 motion to dismiss be decided, pleadings be filed, and this matter become ripe for scheduling
19 prior to November 13, 2025, the parties may request that the scheduling conference be advanced.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /

---

[2] Nor can Plaintiffs' motion for general commencement of unspecified discovery be construed as a proper motion for expedited discovery supported by good cause. See, e.g., Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002); Malibu Media, LLC v. Doe, 319 F.R.D. 299, 302 (E.D. Cal. 2016) ("Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party") (citation omitted).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for the setting of a scheduling conference, or, alternatively, a court order allowing discovery to commence (ECF No. 89) is DENIED;

2. The August 20, 2025 hearing is VACATED; and

3. Absent stipulation by the parties, the continued scheduling conference shall remain set for November 13, 2025. If a decision is made prior to the scheduled date, the parties may request the scheduling conference be advanced by contacting the courtroom deputy at jnguyen@caed.uscourts.gov.

IT IS SO ORDERED.

Dated: **August 18, 2025**

STANLEY A. BOONE
United States Magistrate Judge